UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DR. VICKI MAZZORANA, M.D., | 2:12-CV-1837 JCM (PAL) |
| Plaintiff(s), | |
| v. | |
| EMERGENCY PHYSICIANS MEDICAL GROUP, INC., et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendants Emergency Physicians Medical Group, Inc. and Emergency Medicine Physicians of Clark UMC, PLLC's motion to dismiss. (Doc. # 17). Plaintiff Dr. Vicki Mazzorana filed a response. (Doc. # 24). Defendants replied. (Doc. # 24).[1]

**I.     Factual background**

This is an employment discrimination case. Plaintiff Dr. Vicki Mazzorana is a part-time emergency room doctor employed by Emergency Physicians Medical Group, Inc. ("EPMG"). (Doc. # 7, ¶ 8). Plaintiff alleges that defendants have discriminated against plaintiff on the basis of her gender through the course of her employment beginning in 2005. (*Id.* at ¶¶ 7-8).

. . .

---

[1] In plaintiff's amended complaint she also sued University Medical Center and University of Nevada School of Medicine. (Doc. # 7). Plaintiff has subsequently dismissed both these parties with prejudice. (*See* docs. # 28 & 32). Plaintiff then dismissed without prejudice defendant Emergency Medicine Physicians of Clark UMC, PLLC. (*See* doc. # 24). This leaves Emergency Physicians Medical Group, Inc. as the only remaining defendant.

**James C. Mahan**
**U.S. District Judge**

Specifically, plaintiff alleges that she was denied the position of director of the medical students clerkship ("clerkship director") in June 2008 and December 2008. (*Id.* at ¶¶ 9-12). Plaintiff alleges that she served as clerkship director from August 2009 until April 2010 as a volunteer. (*Id.* at ¶ 13).

In June 2010, plaintiff alleges that Dr. Chuck Garcia became clerkship director, for which he received compensation. (*Id.* at ¶ 14). From December 2012 to present, plaintiff alleges that Dr. Matt Horbal has served in this capacity. (*Id.* at ¶ 15).

Further, plaintiff alleges that she served as director of the wilderness program ("wilderness director") from June 2009 to present as a volunteer. (*Id.* at ¶ 17). And that she applied for the wilderness program fellowship position ("wilderness fellowship" position) that was created in March 2011, but was denied this position by her male supervisors. (*Id.*). Plaintiff believes the wilderness fellowship position has since remained open. (*Id.*).

On July 5, 2012, plaintiff filed her Equal Employment Opportunity Commission ("EEOC") charge. (*Id.* at ¶18). Plaintiff alleges that she was retaliated against for filing this charge, and was dropped from a department in which she had previously been given regular shifts. (*Id.*).

Plaintiff filed a complaint in this court on October 23, 2012. (Doc. # 1). Plaintiff amended her complaint on February 18, 2013. (Doc. # 7). Plaintiff alleges: (1) gender discrimination in violation of 42 U.S.C. § 2000e *et seq.* (Title VII); (2) age discrimination in violation of 29 U.S.C. § 623 et, seq.; (3) violation of the Equal Pay Act, 42 U.S.C. § 2000e *et seq.*; and (4) retaliation in violation of 42 U.S.C. § 2000e *et seq.* (Doc. # 7).

Defendants now move to dismiss plaintiff's amended complaint (Doc. # 17). Plaintiff has subsequently dismissed without prejudice defendant Emergency Medicine Physicians of Clark UMC, PLLC, and her second claim for age discrimination. (Doc. # 24). Therefore, the court will address only plaintiff's first claim for gender discrimination under Title VII, plaintiff's third claim for violation of the Equal Pay Act, and plaintiff's fourth claim for retaliation against EPMG.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

**II.      Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." Id. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III.   Discussion**

   **A.   Title VII**

Defendants attack plaintiff's Title VII claim because the claims are time barred.

Title VII requires that an aggrieved party file a charge with the EEOC within 300 days of the alleged unlawful practice to preserve a claim for a subsequent civil suit. 42 U.S.C. § 2000e–5(e)(1); *see also Kagawa v. First Hawaiian Bank/Bancwest Corp.*, 819 F.Supp.2d 1125, 1130 (D.Haw. 2011). "A claim is time barred if it is not filed within [this] limit." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

Defendants argue that plaintiff's amended complaint does not identify a single alleged unlawful practice within 300 days of July 5, 2012, when plaintiff filed her charge with the EEOC. Defendants point out that none of the allegations in plaintiffs complaint occurred on or after September 9, 2011–that is, 300 days of the EEOC charge.

Plaintiff responds that she does not disagree with defendants as to the "general legal requirements pertaining to timeliness of [discrimination] claims . . . ." (Doc. 24, 8:6-7). Instead plaintiff argues that she is alleging a pattern of "continuing discrimination" against her dating back as far as October 1, 2005. Plaintiff argues that she is not seeking to recover damages for each and every instance of discrimination alleged in her amended complaint, but instead wants to show that there is a continuing action or scheme of discrimination.

Plaintiff cites no authority to govern her theory of recovery for "continuing discrimination" under Title VII. In fact, the continuing violation doctrine has been repudiated by the Supreme Court in *Morgan*, 536 U.S. at 110, and by the Ninth Circuit in *Lyons v. England*, 307 F.3d 1092, at 1106-07 (9th Cir. 2002). Therefore, discriminatory acts "initiated outside the limitations period" may be used as evidence only if it forms the basis of an "act of discrimination occurring within the limitations period." *Lyons*, 305 F.3d at 1107 n.7.

**James C. Mahan**
**U.S. District Judge**

- 4 -

In plaintiff's amended complaint she alleges six discrete acts of sex discrimination;[2] however, none of these acts occurred *within the limitations period*. While these acts may be relevant to conduct within the statute of limitations to bring a Title VII claim, these incidents, alone, are insufficient to serve as the sole basis for this claim. Thus, to the extent plaintiff's Title VII claim is based solely on conduct that occurred before September 9, 2011. This claim is dismissed with prejudice as being time barred.

### B.    Equal Pay Act

#### (1)    Timeliness of claim

"Under the Equal Pay Act, a prevailing employee may recover actual damages if the case is brought within two years of the date the violation took place." *E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d 397, 401 (9th Cir. 1985) (*citing* 29 U.S.C. § 255(a)). "When an employer's violation of the [Equal Pay] Act is shown to be 'willful,' however, the statute of limitations is extended to three years. The burden of proving willfulness rests with the plaintiff." *Santiago v. United States*, 107 Fed. Cl. 154, 158 (Fed. Cl. 2012) (*citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988) ("To obtain the benefit of the 3–year [limitations period], the [plaintiff] must prove that the employer's conduct was willful . . . .") (other citation omitted). "A claim accrues under the Equal Pay Act each time an allegedly insufficient paycheck is issued." *Id.* 159 (citation omitted).

Defendants argue that plaintiff filed her complaint on October 23, 2012, and therefore she cannot base her allegations or claim for relief on any alleged unequal pay opportunities that occurred prior to October 23, 2010. Plaintiff responds that Equal Pay Act claims are "demonstrated in every paycheck she receives in which she is paid less than her similarly situated male counterparts." (Doc. # 24, 8:14-16). But plaintiff does not dispute that she held the clerkship director position in an unpaid capacity until Dr. Garcia took it over in June 2010–before the October 23, 2010, limitations

---

[2] The six discrete actions alleged are: (1) in June 2008, defendants denied plaintiff full-time employment; (2) in June 2008, defendants denied plaintiff a promotion to clerkship director; (3) in December 2008, defendants denied plaintiff a promotion to clerkship director again; (4) in August 2009, defendants denied plaintiff a promotion to a clerkship director in a paid capacity and instead took the position as a volunteer until August 2010; (5) in June 2010, defendants gave the clerkship director position to another male doctor for pay; and (6) in March 2011, defendants denied plaintiff's application for the wilderness fellowship position. (Doc. # 7).

James C. Mahan
U.S. District Judge

- 5 -

1 period.

2 Plaintiff may assert an Equal Pay Act violation for which she received less pay than similarly situated male counterparts only for any position since October 23, 2010. A three-year statute of limitations does not apply because plaintiff's amended complaint is devoid of any allegations that defendants' violations of the Equal Pay Act were willful.

6 Therefore, the court will grant defendants' motion as to plaintiff's Equal Pay Act claim to the extent that plaintiff's amended complaint seeks to recover based on violations of the Equal Pay Act beyond the two year statute of limitations period. Specifically, plaintiff cannot assert an Equal Pay Act violation for any position prior to the October 23, 2010, limitations period or upon a showing of willfulness. Plaintiff's claim for violations of the Equal Pay Act is dismissed with prejudice to the extent it is based on violations that occurred before October 23, 2010.

### (2)     Wilderness director & wilderness fellowship positions

"To make out a case under the Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work." *Hein v. Oregon Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983) (citation omitted). "The jobs held by employees of opposite sexes need not be identical, but they must be 'substantially equal.'" *Id.* (citation omitted); *see also Crawford v. Smith's Food & Drug Store*, 2:12-CV-00122-GMN, 2013 WL 1103969, at *5 (D. Nev. Mar. 15, 2013) (stating that in order to recover for wage discrimination, a plaintiff must prove men and women received " different salaries . . . for equal work performed under similar conditions." (citation omitted)).

Defendants argue that plaintiff's amended complaint fails to meet these requirements for a Equal Pay Act violation as to the wilderness fellowship position and the volunteer wilderness director position. Plaintiff does not substantively respond to this argument.

Plaintiff has not pleaded that she received less compensation than a male counterpart in a "substantially equal" position to the wilderness fellowship position. Instead, plaintiff alleges that the wilderness fellowship position "has never been filled and remains open." (Doc. # 7, ¶ 19). Further, plaintiff does not set forth allegations comparing the volunteer wilderness director position to any

James C. Mahan
U.S. District Judge

- 6 -

other position.

Therefore, plaintiff cannot assert an Equal Pay Act violation for neither the wilderness fellowship position nor the wilderness director position because she has not set forth any allegations regarding a "substantially equal" position held by a male. Plaintiff's claim for violations of the Equal Pay Act is dismissed without prejudice regarding alleged violations related to the wilderness fellowship position and the wilderness director position.

**C.     Retaliation**

Defendants argue that plaintiff did not include any allegations of retaliation in her charge filed with the EEOC and therefore this court does not have jurisdiction over this claim.

A plaintiff is required to exhaust her administrative remedies before she can bring suit in federal court. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976). To exhaust this remedy, plaintiff must file a charge with the EEOC identifying the basis of the charge and the type of discrimination, amongst other information. *See* 42 U.S.C. § 2000e-5(b); *see also* 29 U.S.C. § 626(d).

A federal court may adjudicate claims not explicitly raised in the EEOC charge if the claim is like or reasonably related to the allegations contained in the EEOC charge. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).; *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973). To determine if an allegation is reasonably related "the court inquires whether the original EEOC investigation would have encompassed the additional charges." *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989).

The Ninth Circuit has instructed that "'the remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally." *Id.*; *see also B.K.B.*, 276 F.3d at 1100 ("We construe the language of EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.").

Defendants argue that none of the adverse employment actions that plaintiff cites as evidence of retaliation are identified in her EEOC charge. Defendants further argue that based on plaintiff's EEOC charge, there is no way that the EEOC could have investigated her retaliation claim.

**James C. Mahan
U.S. District Judge**

- 7 -

1  Defendants contend that in plaintiff's EEOC charge, she left the "Retaliation" box unchecked–only
2  marking on the box for "Sex"–when disclosing the basis of the discrimination. (*See* doc. # 17, Ex.
3  A).³ Further the narrative on the EEOC charge was limited to allegations of sex discrimination–and
4  did not state any facts regarding retaliation.

5  Plaintiff concedes that charge does not mention retaliation as a legal claim. But plaintiff
6  responds that in her "pre-complaint questionnaire" filed with the EEOC on June 7, 2012, she stated
7  that the basis for her discrimination claim was "retaliation." (Doc. # 24, Ex. 1). Plaintiff further
8  argues that the EEOC prepared the charge and that plaintiff just signed it and this oversight was not
9  plaintiff's fault. Thus, plaintiff argues that the EEOC was on notice that she was asserting a
10 retaliation claim in light of the liberal standard applied to EEOC charges.

11 "If the charge itself is deficient in recording her theory of the case due to the negligence of
12 an agency representative who completes the charge form, then the plaintiff may present her pre-
13 complaint questionnaire as evidence that her claim for relief was properly exhausted." *B.K.B.*, 276
14 F.3d at 1102. "In determining whether a plaintiff has exhausted allegations that she did not specify
15 in her administrative charge, it is appropriate to consider such factors as the alleged basis of the
16 discrimination, dates of discriminatory acts specified within the charge, perpetrators of
17 discrimination named in the charge, and any locations at which discrimination is alleged to have
18 occurred." *Id.* at 1100.

---

³ The court takes judicial notice of the EEOC proceedings and considers documents filed therein. Review on a motion pursuant to Fed.R.Civ.P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed.R.Civ.P. 12(b); *see United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie,* 342 F.3d at 908.

A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908. If adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *Id.* at 909; *see* FED.R.EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009).

1  Here, the alleged factual basis for plaintiff's retaliation claim was that after she "filed a
2  complaint with the EEOC alleging *gender and age discrimination* . . . . [p]laintiff was immediately
3  dropped from the Pediatric Emergency Department," (doc. # 7, ¶ 18) (emphasis added), and assigned
4  shorter shift lengths (*id.* at ¶ 19). While plaintiff certainly did write "retaliation" as the basis for the
5  discrimination against her in the pre-complaint questionnaire, it is clear from the face of plaintiff's
6  amended complaint that she understood her EEOC charge to bring claims for "gender and age
7  discrimination"[4]–not for retaliation.

8  Further, the conduct that underlies plaintiff's retaliation claim–at least as alleged in plaintiff's
9  amended complaint–is conduct that necessarily could not have been alleged in the EEOC charge as
10 it occurred *as a result* of plaintiff filing the EEOC charge. Therefore, regardless of whether the pre-
11 complaint questionnaire properly exhausted plaintiff's retaliation claim, it is manifest that the factual
12 basis of the alleged retaliation occurred after the EEOC charge was filed. Thus, even if a retaliation
13 claim was exhausted–it must be based on other, pre-charge, conduct. Plaintiff's retaliation claim is
14 dismissed with prejudice to the extent it is based on conduct that occurred after filing the EEOC
15 charge.

16 **IV.    Conclusion**

17 Accordingly,

18 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Emergency
19 Physicians Medical Group, Inc. and Emergency Medicine Physicians of Clark UMC, PLLC's motion
20 to dismiss (doc. # 17) be, and the same hereby is, GRANTED.

21 IT IS THEREFORE ORDERED that plaintiff's first claim under Title VII is dismissed with
22 prejudice to the extent it is based solely on conduct that occurred before September 9, 2011.
23 Plaintiff's third claim for Equal Pay Act violations is dismissed with prejudice to the extent it is
24 based on violations that occurred before October 23, 2010. This claim is dismissed without prejudice
25 as to plaintiff's allegations regarding the wilderness director and wilderness fellowship positions.
26 Plaintiff's fourth claim for retaliation is dismissed with prejudice to that extent it is based on conduct

---

[4] Plaintiff has subsequently declined to pursue a claim based on age discrimination. (*See* doc. # 24).

**James C. Mahan**
**U.S. District Judge**

- 9 -

that occurred after filing the EEOC charge.[5]

IT IS FURTHER ORDERED that plaintiff, if she chooses to amend her complaint, file the motion to amend, attaching the proposed amended complaint, within thirty (30) days of the date of this order. The court reminds plaintiff that if she chooses to amend her complaint, she must comply with the requirements of Local Rule 15-1.

DATED August 6, 2013.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

---

[5] The court does not resolve whether plaintiff's retaliation claim was properly exhausted provided that she did not specify this claim in her EEOC administrative charge.